LaROSE, Judge,
Concurring.
I concur in the result reached by the court. I write to express my view that the kidnapping conduct described in the record satisfies two of the three factors outlined in Faison.
The court concludes that the binding of the victim’s mouth and hands is slight, inconsequential, and incidental to the sex offenses. I must disagree. Stanley bound the victim’s hands with tape behind her back; he taped her mouth shut with tape circling her head. Stanley securely bound the victim, restraining any movement and silencing any cries for help, then brutally forced himself on her. To mischaracterize the conduct minimizes the trauma associated with the crimes.
I also cannot agree that the vicious binding was inherent in the nature of the sexual assaults. Although the binding undoubtedly eased Stanley’s task, I cannot see that the binding was a necessary adjunct of the underlying sexual offenses.
But because the binding did make “the other crimefs] substantially easier of commission,” I must agree that the State did not establish the crime of kidnapping under the Faison factors. See Faison, 426 So.2d at 965.